IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00060-ZLW-MEH

MICKEY ST. CLAIR,

    Plaintiff,

v.

FRONTIER AIRLINE PILOTS ASSOCIATION,

    Defendant.

## ORDER GRANTING MOTION TO COMPEL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Defendant's Motion to Compel Discovery, in which the Defendant is seeking disclosure by the Plaintiff of a report done by Dr. Karen V. Fukutaki, M.D., dated on or about November 2, 2005. The report was generated in connection with a pre-sentence report submitted in state criminal proceedings against the Plaintiff. Plaintiff objects to disclosure of the report. The matter is fully briefed, and oral argument would not assist in its disposition. As set forth below, the Defendant's request will be **granted**, and Plaintiff shall disclose the report.

### BACKGROUND

In this action, the Plaintiff has claimed that the Defendant breached its duty of fair representation provided under federal labor laws in connection with Plaintiff's termination as a pilot for Frontier Airlines. Plaintiff was terminated from employment on June 15, 2004. In its defense, Defendant claims cause for the termination, based at least in part on criminal charges filed against the Plaintiff which Defendant asserts jeopardized his ability to perform his duties as a captain for the airline. Ultimately, Plaintiff was convicted by a jury on three misdemeanor and three felony counts in September of 2005, in the Boulder County District Court. Pursuant to Colorado Rules of Criminal

Procedure 32(a)(2), the state court ordered a mental examination of the Plaintiff to be included in the pre-sentence report. The mental examination and subsequent report were completed by Dr. Karen V. Fukutaki, M.D. It is this report which the Defendant seeks disclosure of in this case.

In its motion, the Defendant argues that Colo. R. Crim. P. 32(a)(2) does not create a privilege for any of the materials comprising a pre-sentence report, and that the report is relevant discovery in this case, based on the damages sought by the Plaintiff and the fact that the Plaintiff has implicitly placed his own mental state at issue. Plaintiff counters the Defendant's motion by contending that Colo. R. Crim. P. 32(a)(2) does not allow for release of the report to a "third party." Further, the Plaintiff raises the argument that the report is not discoverable to a "third party" under the Freedom of Information Act and makes a cursory reference to a possible doctor/patient privilege. In its reply, the Defendant points out that the report has already been disclosed to a "third party," when the Plaintiff disclosed the report to his counsel in this civil lawsuit, because his current counsel was not his criminal defense counsel. Additionally, the Defendant asserts that the Freedom of Information Act is not applicable in this matter, and that Plaintiff has waived any doctor/patient privilege that he may claim in this regard because he has brought "a claim for damages for termination from a position with stringent medical and psychological requirements such as a commercial airline captain."

## DISCUSSION

First, as correctly noted by the Defendants, the Freedom of Information Act is not applicable in this situation, because the Defendant is not seeking information from a federal court or federal governmental agency. Defendant is seeking disclosure of information in the possession of Plaintiff's counsel. *See generally Department of Air Force v. Rose*, 425 U.S. 352, 366 (1976) (the general philosophy of the FOIA is full agency disclosure).

Secondly, Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery

2

regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

In this case, the Defendant's motion arose because:

> . . . When counsel for defendant learned of the existence of [the report], he requested production of it at plaintiff's deposition of July 28, 2006, and later by letter dated September 13, 2006.
>
> In response to the letter of September 13, 2006, counsel for the plaintiff produced an amended privilege log transmitted by his letter of September 21, 2006, in which he listed as privileged, "Independent Psychiatric Evaluation of St. Clair, performed by Karen V. Fukutaki, M.D. dated November 2, 2005." He stated as grounds for privilege, "Rule 32(2), Colorado Rules of Criminal Procedure," the rule which authorizes the state court to require convicted criminal defendants to submit to a professional mental examination in the sentencing process. In the letter of September 21, 2006, counsel for plaintiff stated that he had a copy of the evaluation in his possession.

DEFENDANT'S MOTION TO COMPEL DISCOVERY, Docket #65, p. 2.

In the face of Defendant's argument that the state rule of criminal procedure does not create a privilege, however, the Plaintiff contends instead that confidentiality from third-party disclosure under the rule precludes the discovery sought by the Defendants. *See* PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY, Docket #67. Confidentiality does not equate to privilege, thus the allegedly confidential information contained within the report is not protected from disclosure for the sole reason that it is confidential. *See Roberts v. Shawnee Mission Ford*, No. 01-2113-SM, 2002 WL 1162438, *2 (D. Kan. Feb. 7, 2002) (citing *Folsom v. Heartland Bank*, No. 98-2308-GTV, 1999 WL 322691, *2 (D. Kan. May 14, 1999) (citing *Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979)). Additionally, when ruling on a motion to compel, a court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel. *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan.

2005). Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned. *Id*. Accordingly, the issue of whether the state criminal rule creates a privilege and whether it is applicable in this case is not a consideration in this regard.

With regard to considerations of confidentiality, the Plaintiff directs this Court to case law regarding the disclosure of pre-sentence investigation reports to a third-party. In particular, the Plaintiff relies on the case of *United States v. Corbitt*, 879 F.2d 224 (7th Cir. 1989), for the proposition that without the Plaintiff's permission or a finding by the court of a compelling or particularized need, access to the pre-sentence report should not be allowed. However, the *Corbitt* case dealt with the request by a newspaper for public disclosure of an entire pre-sentence investigation report from the actual sentencing court. In this case, the discovery sought is not the entire pre-sentence investigation report, but singularly the "Independent Psychiatric Evaluation of St. Clair, performed by Karen V. Fukutaki, M.D. dated November 2, 2005," which the Plaintiff has already disclosed to a third-party, namely, his current civil litigation counsel. Plaintiff has failed to persuade this Court that the decision in *Corbitt* is on point to the situation presented in this motion. Additionally, even if the ruling was instructive, the Defendant has demonstrated a particularized need in that a psychiatrist's diagnosis of certain mental disorders would preclude or limit the Plaintiff's damages claim, and the diagnosis may also reflect upon the Plaintiff's credibility.

Plaintiff cursorily raises the issue of medical privilege concerning the report in his response, to which the Defendant responds that (1) there is no physician-patient relationship in this context and (2) even if there was such a relationship, Plaintiff has waived the privilege. As an initial matter, Plaintiff bears the burden of establishing that such a privilege is present. *See Alcon v. Spicer*, 113 P.3d 735, 739 (Colo. 2005). Aside from a very brief reference to "certain recognized medical privileges" at the very end of his response to Defendant's motion, the Plaintiff fails to set forth any

4

argument or facts from which a privilege can be inferred. Assuming that such a privilege did attach in this situation, the Colorado Supreme Court has clearly directed with regard to the state-law governed physician-patient privilege, "'relevance alone cannot be the test.'" *Id*. at 741 (citations omitted). "Waiver of the physician-patient privilege occurs when the patient has either expressly or impliedly 'forsaken his claim of confidentiality with respect to the information in question.'" *Id*. at 739. Waiver of the privilege can be demonstrated by showing "that the privilege holder 'has injected his physical or mental condition into the case as the basis of a claim or an affirmative defense.' (citation omitted.) Making such a showing does not mean that the party seeking to overcome the privilege has established a complete waiver of all communications between the physician and patient. The privilege is still retained with respect to communications unrelated to the claim or defense." *Id*.

> As shown by the Defendant,
>
> [In the] transcript of the sentencing hearing held on January 6, 2006, in 2004CR480 and 2004 CR 979. . . . the prosecutor discloses that Dr. Fukutaki characterized [the Plantiff] as having a personality disorder with narcissistic features. . . . [Plaintiff] seeks damages in this case, based upon his past [sic] current and future ability to maintain a First Class medical certification to operate as pilot for Frontier Airlines, a commercial airline. Based upon that claim for damages, defendant has the right to probe into [Plaintiff's] mental condition at all times pertinent to this lawsuit, particularly as the FAA guidelines list "severe personality disorder" as among the disqualifying mental conditions . . . .

DEFENDANT'S MOTION TO COMPEL DISCOVERY, Docket #65, pp. 2-3.

Defendant has met its burden in seeking to compel disclosure of the Independent Psychiatric Evaluation of the Plaintiff, performed by Karen V. Fukutaki, M.D., and dated November 2, 2005, and its motion will be granted. While this information is appropriate for disclosure, its nature does warrant protection from unnecessary dissemination. Therefore, the report of Dr. Fukutaki is deemed confidential, and disclosure of this information under this Order is restricted to use for no purpose other than this litigation.

5

## **CONCLUSION**

Accordingly, based upon the foregoing analysis and the entire record herein, it is ORDERED that the Defendant's Motion to Compel Discovery [Filed October 25, 2006; Docket #65] is **granted.** Further, it is ORDERED that Plaintiff shall provide to the Defendant a copy of the Independent Psychiatric Evaluation of the Plaintiff, performed by Karen V. Fukutaki, M.D., and dated November 2, 2005, on or before November 24, 2006. Additionally, it is ORDERED that Defendant is restricted to use the report of Dr. Fukutaki for no purpose other than this litigation.

Finally, it is ORDERED that Defendant's request for fees and costs in this regard is **denied.**

Dated at Denver, Colorado, this 20th day of November, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge